J-S43010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| OLVIN SANTIAGO CASTRO III | : | |
| | : | |
| Appellant | : | No. 1016 MDA 2023 |

Appeal from the Judgment of Sentence Entered March 22, 2023
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000855-2022

BEFORE:   McLAUGHLIN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:     **FILED: MAY 31, 2024**

Olvin Santiago Castro III appeals from the judgment of sentence entered following his conviction for manufacture, delivery, or possession with intent to deliver a controlled substance ("PWID"). 35 P.S. § 780-113(a)(30). Counsel has filed an **Anders** brief and petition to withdraw as counsel.[1] However, counsel has not provided proof he sent any of the required documents to Castro. Accordingly, we deny counsel's petition to withdraw.

In January 2023, Castro pled guilty to PWID. On March 22, 2023, the trial court sentenced him to a standard range sentence of four to 10 years' incarceration.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967).

On April 21, 2023, while still represented by counsel, Castro filed a *pro se* document entitled "Appeal for Reconsideration of Sentence and Uneffectiveness of Counsel." Both above the title of the document and below his signature at the end of the document, Castro had written "Superior Court of Pennsylvania." The document requested that "this court" reconsider "this sentence." Appeal for Reconsideration, filed Apr. 21, 2023, at 1. It further argued his counsel was ineffective. He requested that "this court . . . reconsider and reverse or adjust or modify this sentence." *Id.* at 2. That same day, counsel filed a petition to withdraw noting that the motion was outside the 10-day period for post-sentence motions and stating that counsel believed the motion would be treated as petition under the Post Conviction Relief Act. Petition to Withdraw as Counsel, filed Apr. 21, 2023, at ¶¶ 5-6.

The trial court treated the *pro se* filing as a motion to reconsider the sentence, and denied it.[2] The court further denied the petition to withdraw as counsel "without prejudice to the ability of [counsel] to resubmit his request if [Castro] does not contact him within 30 days." Order, dated May 17, 2023. In the order, the court noted the possibility of an appeal and stated that "time is of the essence with respect to the filing of such an appeal." *Id.* On July 3, 2023, counsel filed a notice of appeal. In it, counsel stated that "[Castro] intends that his filing for his Motion for Modification for sentence on April 21,

_____

[2] The *pro se* motion was not a timely post-sentence motion and therefore would not have tolled the time to file a notice of appeal. However, because the trial court should have treated the filing as a notice of appeal, we conclude this appeal was timely.

2023, within the thirty (30) day time frame for an appeal, constitutes an appeal and not a Motion to Modify sentence nor a Post-Conviction Relief Act Application."

In this Court, counsel filed an **Anders** brief and a petition to withdraw as counsel, asserting that the appeal is wholly frivolous. In February 2024, this Court denied the petition to withdraw and ordered counsel to obtain missing notes of testimony and file either a new **Anders** brief and petition to withdraw or an advocate's brief. Counsel obtained the transcripts and filed the instant **Anders** brief and petition to withdraw.

Before we assess the substance of the **Anders** brief, we must first determine whether counsel's request to withdraw meets certain procedural requirements. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). An **Anders** brief that accompanies a request to withdraw must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

- 3 -

Counsel must also provide a copy of the **Anders** brief to the client, and a letter that advises the client of the right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa.Super. 2014) (quoting **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa.Super. 2007) (alteration omitted)). If counsel has satisfied these requirements, we then conduct "a full examination" of the record "to decide whether the case is wholly frivolous." **Commonwealth v. Dempster**, 187 A.3d 266, 271 (Pa.Super. 2018) (*en banc*) (quoting **Anders**, 386 U.S. at 744).

Here, counsel filed an **Anders** brief where he discusses the issues arguably supporting the appeal and explains why counsel concludes those issues are wholly frivolous, and filed a petition to withdraw as counsel. However, counsel has not provided information as to whether he supplied Castro with a copy of his **Anders** brief and petition filed in April 2024 and a letter advising Castro that he may raise any additional issues before this Court *pro se* or with private counsel. **See** Petition to Withdraw, Apr. 16, 2024.

Accordingly, we deny counsel's petition to withdraw and order counsel to either: (1) file documentation establishing he sent a letter to Castro after our February 2024 memorandum containing the necessary documents and information or (2) send to Castro copies of the April 2024 petition and brief, together with a letter informing Castro that he has the right to proceed *pro se* or with new, privately retained counsel, and file in this Court proof of such

communication. Counsel shall comply with these instructions within 20 days of the date of this memorandum.

Petition to withdraw as counsel denied. Panel jurisdiction retained.